UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS A. PAGAN,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:18-CV-1668 (VLB) |
| CAPTAIN DOUGHERTY, et al.<br>    *Defendants.* | :<br>:<br>:    January 16, 2020 |

**RULING ON MOTION TO COMPEL [ECF No. 45]**

On October 9, 2018, Luis A. Pagan ("Plaintiff"), an inmate currently confined at the Northen Correctional Institution in Somers, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983, against six Department of Correction officials in their individual and official capacities for violating his constitutional rights. Compl. [ECF No. 1]. After initial review, the Court permitted Plaintiff's Fourteenth Amendment Procedural Due Process claims to proceed against four of those Defendants: Captain Dougherty, Lieutenant Tamarro, Lieutenant King, and District Administrator Maldonado. Initial Review Order [ECF No. 10]. The Defendants answered the complaint on August 30, 2019. Answer [ECF No. 21].

Pending before the Court is Plaintiff's motion to compel the Defendants to respond to Plaintiff's discovery requests consisting of requests for admissions and interrogatories. Mot. to Compel [ECF No 45]. Plaintiff contends that he sent written correspondence to defense counsel on October 29, 2019 (containing the interrogatories) and November 4, 2019 (containing the requests for admissions), as well as a reminder on November

17, 2019 about the 30-day discovery response deadline. *Id.* Plaintiff implies, but does not state explicitly, that he never received a response to his discovery requests.

"[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Pursuant to District of Connecticut Local Rule of Civil Procedure 37(a), the movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at a "mutually satisfactory resolution." In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with opposing counsel. *Id.*

Local Rule 37(b) also requires that memoranda be filed by both sides before any discovery motion is heard by the Court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). The movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute. *Id.*

Plaintiff has not satisfied Rule 37(a)'s requirement that his motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). And Plaintiff has satisfied none of the conditions of Local Rule 37. He has not (a) attached to his motion a copy of the discovery request he sent to defense counsel, (b) attached an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with defense counsel, or (c) filed a memorandum providing "a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). This Court has no information regarding the relevancy of the discovery Plaintiff seeks.

If a moving party fails to adhere to the Local Rules, the Court should deny the motion to compel. *See Hunnicutt v. Kitt*, No. 3:10-cv-857 (CSH), 2011 WL 3047648, at *1 (D. Conn. July 25, 2011) (denying the plaintiff's motion to compel because his memorandum failed to adhere to Local Rule 37(b)(1)); *Brown v. Univ. of Conn. Med. Grp.*, No. 3:12-cv-1305 (JBA), 2014 WL 2804345, at *2 (D. Conn. June 20, 2014) (denying the plaintiff's motion to compel because the plaintiff failed to "attach the discovery requests, and he fail[ed] to file affidavits or memoranda or document efforts to resolve these disputes.").

Thus, the motion to compel discovery is DENIED.

Moreover, Defense Counsel provides proof that he received Plaintiff's discovery requests on November 12, 2019 and states that in response he timely provided certified responses on December 11, 2019. [ECF No. 50]. Thus, Plaintiff's motion to compel is moot as he has been provided the information he seeks. The motion to compel discovery is DENIED on this ground as well.

SO ORDERED this 16th day of January, 2020 at Hartford, Connecticut.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE